**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT TOWNES, | Civil Action No. 14-2162 (MAS) |
| Plaintiffs, | |
| v. | OPINION |
| CHRISTOPHER J. CHRISTIE, et al., | |
| Defendants. | |

**APPEARANCES:**

    DWIGHT TOWNES, Plaintiff pro se
    # 535078
    Mercer County Correction Center
    P.O. Box 8068
    Trenton, New Jersey 08650

**SHIPP**, District Judge

    Plaintiff, Dwight Townes, a state inmate confined at the Mercer County Correction Center in Trenton, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly. Further, having reviewed the Complaint as required pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is

immune from such relief, the Court finds that the Complaint should be dismissed without prejudice because Plaintiff has failed to articulate any factual basis for his action under 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff, Dwight Townes ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, against Defendants, Christopher J. Christie, Governor of New Jersey; Kimberly M. Guadagno; and Joseph Bocchini, Mercer County Prosecutor. (ECF No. 1, Complaint at Caption, ¶¶ 1a, 4b-c.) Plaintiff's Complaint and attachments are largely unintelligible. He claims that Defendants have violated his rights "as a living breathing flesh-and-blood man" by failing to recognize his claim of "Imperial Heredity and Nationality." (Id., ¶ 6.) It would appear that Plaintiff is challenging his pretrial incarceration based on a purported claim that he is not subject to the laws of the United States or the State of New Jersey due to his status as an "Aboriginal Indigenous" man. (Id.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl., ¶ 1a.) Section 1983 provides in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

As discussed above, Rule 8 of the Federal Rules of Civil Procedure requires that Plaintiff present facts sufficient to show that each Defendant would be liable for the claims presented against him or her by Plaintiff. Here, this Court finds that Plaintiff's claims, which are mostly unintelligible, are not factually sufficient to proceed past the screening stage at this time. First, Plaintiff has not alleged a deprivation of a constitutional right under § 1983. Second, Plaintiff fails to articulate the actions or omissions of each Defendant or how they allegedly violated his constitutional rights.

Instead, Plaintiff resorts to espousing incomprehensible socio-political beliefs in an effort to void criminal prosecution and obtain his release from confinement. Thus, by the very limited or complete lack of facts stated in the Complaint, Plaintiff has not shown that he is entitled to relief pursuant to *Iqbal*, which requires that Plaintiff demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. at 677–79. Therefore, the Court dismisses this action without prejudice to Plaintiff filing an amended Complaint that conforms to the requirements of Rule 8 and *Iqbal*.

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, as against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). This dismissal is without prejudice to Plaintiff filing an amended Complaint to cure the deficiencies of his pleading as discussed above.[1] An appropriate order follows.

```
                                            /s/ Michael A. Shipp
                                            MICHAEL A. SHIPP
                                            United States District Judge
```

Dated: 9/26/14

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See *West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12–2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id*.